IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **EXPEDITED SERVICE PARTNERS, LLC,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 7:22-cv-00103-O |
| **1011 RAM FAIRFIELD AMA, LLC, et al.,** | § § § | |
| Defendants. | § § | |

## Opinion and Order

Before this Court is Third-Party Defendant Amarillo Steam Team, LLC's ("AST") Motion to Strike Defendants 1011 Ram Fairfield AMA, LLC and Daxa "Mina" Patel's (collectively "RFA") First Amended Third-Party Complaint (ECF No. 77) (the "Motion"). After consideration of the Motion, responsive briefing, and the applicable law, the Court **GRANTS** the Motion. Accordingly, the Court **DISMISSES** RFA's Amended Third-Party Complaint Against AST (ECF No. 72) (the "Third-Party Complaint") **without prejudice**.

### I.     Background

In mid-February 2021, Texas experienced a winter storm that brought snow, ice, and record-low temperatures to the state. This storm caused water pipes at RFA's hotel in Wichita Falls (the "Fairfield") to burst.[1] Shortly after the storm, RFA hired AST to perform remediation work on the Fairfield. On May 22, 2021, RFA terminated AST, and contracted with Plaintiff

---

[1] Am. Third-Party Compl. 2–3, ECF No. 72.

Expedited Service Partners ("ESP").[2] At no time did AST or ESP contract with each other or work on the Fairfield together.[3]

ESP alleges that RFA failed to pay ESP for the work it performed on the Fairfield. And on October 13, 2022, ESP filed a complaint in this Court against RFA and Centennial Bank f/k/a Happy State Bank ("Happy State Bank") for claims of breach of contract, failure to pay, unjust enrichment, foreclosure of liens against RFA, promissory estoppel, negligence by Happy State Bank, and Conversion by Happy State Bank (the "Action").[4]

As additional background, months before ESP filed this Action, AST sued RFA in the 30th District of Wichita County, Texas (the "State Action"), alleging breach of contract, quantum meruit, and foreclosure of a mechanics lien, which stem from AST's allegations that RFA failed to pay AST for the work it performed on the Fairfield.[5] RFA answered the State Action on February 2022 and filed a counterclaim against AST asserting the same claims that it would later bring against AST in the Third-Party Complaint.[6]

On November 14, 2022, RFA filed its first third-party complaint against AST in this Action.[7] On May 4, 2023, RFA filed a motion to amend the first third-party complaint. The Court granted that motion,[8] and, on May 23, 2023, RFA filed the Amended Third-Party Complaint against AST for claims of negligence, breach of contract, deceptive trade practices, slander of title, removal of cloud and quiet title, and violations of the Texas Business and Commerce Code.[9] About a month later, AST filed the Motion, which is now ripe for decision.

---

[2] *Id.* at 4.
[3] *Id.*
[4] Pl.'s Compl. 7–13, ECF No. 1.
[5] Defs.' Br. in Supp. of Mot. to Abate, ECF No. 12-A.
[6] Defs.' Br. in Supp. of Mot. to Abate, ECF No. 12-B.
[7] Defs.' Third-Party Compl., ECF No. 16.
[8] Order Granting Defs.' Mot. to. Am., ECF. No. 68.
[9] Am. Third-Party Compl. 5–9, ECF No. 72.

## II.     Analysis

AST moved to strike the Third-Party Complaint under Rules 14, 19, and 20 of the Federal Rules of Civil Procedure.[10] AST also alleges filing and jurisdictional defects with the Third-Party Complaint. AST argues that these claims cannot be brought against it under Rule 14 because such claims do not rely on or are not predicated on a theory of second or derivative liability, nor are any of the claims against AST dependent on this Action.[11] AST further argues that Rules 19 and 20 do not allow RFA to initiate new claims against AST as a third-party defendant.[12] The Court agrees that AST cannot be joined as a third-party defendant under Rules 14, 19, or 20, and, accordingly, dismisses the Third-Party Complaint without prejudice. The Court does not reach the merits of any alleged filing or jurisdictional deficiencies with the Third-Party Complaint.

### A. Rule 14

Under Rule 14, impleader "is only proper if the claims asserted by the third party are derivative of the main claim—if the impleaded party is or may be liable for part of the claim against the original defendant." *Mitchell v. Hood*, 614 F. App'x 137, 140 (5th Cir. 2015) (quotation marks omitted) (cleaned up). Joinder under Rule 14 "is not permitted because a third party may be liable to the original defendant for some other, independent reason." *Id.* In essence, "Rule 14 cannot be used as 'a vehicle for the trying together of separate and distinct causes of action, or for the introduction, into the main action, of several parallel, but independent, actions, or separate and independent claims.'" *Cambridge Strategies, LLC v. Cook*, No. 3:10-CV-2167-L, 2012 WL 176587, at *6 (N.D. Tex. Jan. 23, 2012) (quoting *Majors v. American Nat'l Bank of Huntsville*, 426 F.2d 566, 568 (5th Cir. 1970)).

---

[10] Mot. to Strike, ECF No. 77.
[11] *Id.* at 14–16.
[12] *Id.* at 17.

RFA's claims against AST are not contingent upon ESP's claims against RFA. ESP initially sued RFA for a variety of claims, including breach of contract with ESP, failure to pay, and unjust enrichment.[13] RFA then impleaded AST, bringing separate claims that AST was liable for negligence, breach of a contract that is unconnected to RFA's agreement with ESP, deceptive trade practices, slander of title, removal of cloud and quiet title, and violations of the Texas Business and Commerce code.[14]

As a factual matter, whether ESP proves that RFA breached their contract with ESP and failed to properly pay ESP does not govern RFA's claims against AST. RFA's claims against AST may succeed even if ESP's claims against RFA fail. Indeed,

> [t]he crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against [him] by the original plaintiff. The mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough.

*Cambridge Strategies*, 2012 WL 176587, at *6 (quoting *Wells Fargo Bank, N.A. v. Pettus*, No. 3:11-CV-0095-D, 2011 WL 3586405, at *2 (N.D. Tex. Aug. 16, 2011)).

Here, RFA has not asserted that its claims against AST are derivative of ESP's claims against RFA. And RFA is not attempting to transfer its liability to AST, the alleged third-party defendant.[15] How could RFA transfer liability given that AST and ESP have no relationship with each other or claims against one another? In fact, the conduct underlying RFA's claims against

---

[13] Pl.'s Compl. 7–12, ECF No. 1.
[14] Am. Third-Party Compl. 5–9, ECF No. 72.
[15] *See* Mot. to Strike 14, ECF No. 77; Am. Third-Party Compl. 5–9, ECF No. 72.

4

AST arose before ESP arrived.[16] Instead, RFA merely alleges that it would not [have had] to hire ESP, nor incur any of ESP's costs, but for AST's negligence. The Fifth Circuit has made clear that "[t]he suggestion that a separate and independent claim can be made the proper subject of a third party complaint because, but for the violation of duty alleged the main claim would not have matured, has been rejected by this and other courts." *Se. Mortg. Co. v. Mullins*, 514 F.2d 747, 750 (5th Cir. 1975). District courts within the Fifth Circuit have similarly rejected this theory of Rule 14 liability. *E.g.*, *Nat'l Rifle Ass'n of Am. v. Ackerman McQueen, Inc.*, No. 3:19-CV-2074-G, 2021 WL 3022903, at *7 (N.D. Tex. July 16, 2021); *Cambridge Strategies, LLC*, 2012 WL 176587, at *7; *Autoronic Sys., Inc. v. HRSG, Inc.*, No. CIV.A H-07-1566, 2008 WL 8053985, at *1 (S.D. Tex. Mar. 4, 2008).

Because the claims alleged in the Third-Party Complaint are not grounded in derivative liability and do not depend on the outcome of ESP's claims against RFA, such claims cannot form the basis of an impleader action. Consequently, AST was improperly joined under Rule 14.

### B. Rules 19 and 20

Having found that AST cannot be joined under Rule 14, the Court next considers whether the addition of AST is proper under Rules 19 and 20. Rule 13 addresses the addition of counterclaims and crossclaims to a suit and allows Rules 19 and 20 to govern the addition of a person as a party to a counterclaim or crossclaim. FED. R. CIV. P. 13(h).

---

[16] As highlighted by AST, ESP and AST have no relationship with each other, nor any claims against each other. There is no indemnification agreement, subrogation claim, or warranty claim that is available to RFA. As a court in this district has explained, "[t]he secondary or derivative liability notion is central and thus impleader has been successfully utilized when the basis of the third-party claim is indemnity, subrogation, contribution, express or implied warranty, or some other theory." *Nat'l Rifle Ass'n of Am. v. Ackerman McQueen, Inc.*, No. 3:19-CV-2074-G, 2021 WL 3022903, at *5 (N.D. Tex. July 16, 2021) (quoting 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1446 (2d ed. 1990)).

RFA is correct that "some courts have allowed a defendant to join additional parties to a counterclaim or crossclaim under Rule 19 or Rule 20 as contemplated by Rule 13(h), even though the claims had been improperly filed as third-party complaints under Rule 14(a)." *Stonecoat of Texas, LLC v. ProCal Stone Design, LLC*, No. 4:17-CV-00303, 2018 WL 11176237, at *12 (E.D. Tex. Nov. 9, 2018) (citation omitted).

However, Rule 13(h) only applies to counterclaims and crossclaims. Under Rule 13, counterclaims, at the time of filing, are proper only to existing parties. *See NatureSweet, Ltd. v. Mastronardi Produce, Ltd.*, No. 3:12-CV-1424-G, 2013 WL 460068, at *2 (N.D. Tex. Feb. 6, 2013). Once a counterclaim has been filed against an existing party, Rule 13(h) allows another party to be joined to the counterclaim if the new party meets the requirements of Rule 19 or 20. *Id.* At bottom, the addition of a third-party under Rule 13(h) "*must involve at least one existing party. If it is not directed to an existing party, neither the counterclaim nor the party to be added will be allowed in the action.*" *Stonecoat of Texas*, 2018 WL 11176237, at *12 (quoting *JAH IP Holdings, LLC v. Della Parola Holding Co., LLC*, No. 13-CV-02195-MSK-KLM, 2014 WL 4375932, at *3 (D. Colo. Sept. 4, 2014) (emphasis added).

AST cannot be joined to this action because RFA is neither asserting a counterclaim against AST nor directing a counterclaim against an original party to the lawsuit. A counterclaim is "[a] claim for relief asserted against an opposing party after an original claim has been made." Counterclaim, BLACK'S LAW DICTIONARY (11th ed. 2019). In this case, it is not clear that RFA's third-party claims against AST are counterclaims. Instead of a counterclaim, the Third-Party Complaint seeks to join AST to bring new claims against AST that do not involve this Action.[17] Additionally, the Third-Party Complaint does not join AST to an existing counterclaim against

---

[17] Am. Third-Party Compl. 5–9, ECF No. 72.

ESP or any other party to the original lawsuit. Tellingly, there are no common claims asserted against AST and ESP. Indeed, ESP is absent from RFA's supposed "counterclaims" against AST. ESP is mentioned only twice in the Third-Party Complaint and only in the context of explaining the parties involved in this Action and the factual background.[18] RFA's claims against AST do not involve any parties to the original action or any counterclaims. Rule 13 does not allow RFA to bring a claim solely against AST, who was not an original party to the litigation, and then add AST as a third-party defendant via Rule 19 or 20.

Finally, Rule 19, alone, does not allow the addition of AST as a third-party defendant. Under Rule 19, a party may be joined if they are a necessary party. There are three types of required parties: (1) parties needed to give complete relief among existing parties; (2) parties who claim an interest that may be practically impaired or impeded if not joined; and (3) parties necessary to ensure that existing parties are not exposed to multiple inconsistent obligations. FED. R. CIV. P. 19(a)(1)(A)–(B)(ii). Here, RFA alleges that there is "opposing, alternative liability" between ESP and AST that makes AST a necessary party.[19] However, the Third Amended Complaint does not assert alternative liability. Rather it asserts relief against AST and RFA separately for distinct causes of actions. Thus, the Court finds AST is not a necessary party to be joined under Rule 19.[20] Also, for these same reasons, AST cannot be added as a third-party defendant under Rule 20, which states that defendants can be joined when "any right to relief is asserted against them jointly, severally, or in the alternative." FED. R. CIV. P. 20(a)(2)(A).

---

[18] *Id.* at 2, 4.

[19] Defs.' Resp. 7, ECF No. 85.

[20] RFA seeks separate relief for AST's negligence, breach of contract, breach of warranty, unconscionable action, slander of title, removal of cloud and quiet title, and violations of the Texas Business and Commerce Code; and ESP's conversion, negligence, intentional tort, breach of contract, breach of warranty, unconscionable action, slander of title, and removal of cloud and quiet title. *See* Am. Third-Party Compl. 7–11, ECF No. 72.; *see* Defs.' Am. Answer and Countercl. 9–12, ECF No. 70.

Because AST cannot be joined to this Action under Rules 14, 19, or 20, the Court **GRANTS** the Motion. It is hereby **ORDERED** that the Third-Party Complaint against AST is **DISMISSED without prejudice**.

**SO ORDERED** on this **25th day** of **August, 2023**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**